# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **JEREMY FARMER** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **TURN KEY INSTALLATION, LLC,** | § | |
| **BRADLEE HAGER, Individually,** | § | |
| **AND MATTHEW CHAYER,** | § | |
| **Individually.** | § | |
| | § | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jeremy Farmer files this Original Complaint against Defendants Turn Key Installation, LLC, Bradlee Hager, Individually and Matthew Chayer, Individually for violations of federal law. The causes of action and summary of claims are addressed below:

### I.  PARTIES

1. Plaintiff Jeremy Farmer ("Farmer" or "Plaintiff") is currently a citizen and resident of Texas and was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C § 201 *et. seq.* ("FLSA"). At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Plaintiff hereby consents to be a party in this action and his consent form is attached as "Exhibit A" to this Original Complaint.

2. Defendants are engaged in commerce or the production of goods for commerce within the meaning of the FLSA and are obligated to ensure that all employees are paid in accordance with the FLSA. Defendant Turn Key Installation, LLC ("Turn Key"), is a foreign corporation authorized to do business, and is doing business, in the State of Texas, with its

corporate office being located in Michigan. Defendant Turn Key transacts business in Texas without being registered as required by Chapter 9 of the Texas Business Organizations Code. Defendant Turn Key can therefore be served through the Texas Secretary of State, Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

3. Defendants Bradlee Hager ("Hager") and Matthew Chayer ("Chayer") are believed to be co-owners and operators of Turn Key. At this point Hager's and Chayer's addresses are unknown. Hager and Chayer will be served wherever they can be located.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to adjudicate the merits of Plaintiff's claims per 28 U.S.C. §§1331 & 1343.

5. Venue is proper in this District of Texas because the events forming the basis of the suit occurred in this District, and one or more of the parties reside in this District. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

## III. FLSA COVERAGE

6. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person. In addition, said enterprise has had an annual gross volume of sales made, or business done, of not less than $500,000.00, (exclusive of excise taxes at the retail level which are separately stated).

9. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. Plaintiff was employed by Defendants within the applicable statute of limitations.

## IV.   FACTUAL BACKGROUND

11. Farmer was employed by Defendants from approximately December 2017 to March 2018.

12. Turn Key is a company that is hired for projects including equipment installations, project management and product inventory.

13. Farmer was employed by Defendants to oversee laborers, welders and other construction employees for Turn Key. This job required Farmer to work more than forty (40) hours a week.

14. At some point Farmer obtained information suggesting he should be paid overtime pay under federal law, so on or around March of 2018, Farmer contacted his manager, human resources, and co-owners Bradlee Hager/Matt Chayer at Turn Key and told them that he was misclassified as "exempt" by the company under the requirements of the FLSA. Defendants in turn told Farmer that it wasn't the plan to make him an employee because it was too expensive to have insurance for him and essentially told Farmer that it was Defendants' position that Farmer was an "exempt" employee under the FLSA.

15. On or about March 28, 2018, Farmer contacted an attorney to inquire about his misclassification status. Minutes after Farmer got off this call, his lead supervisor inquired what

Farmer was doing. At that point, Farmer informed his supervisor that he was inquiring about his legal rights on the misclassification of his employment status. Farmer's supervisor stepped away from Farmer for a few minutes to make a phone call. Farmer's supervisor then told Farmer that he needed to join the phone call. Farmer joined the phone call and was told that he was being terminated.

16.   Defendants explained that it was because they "no longer needed his services," but that is mere pretext as Farmer was terminated because he made complaints of potential overtime violations under the FLSA, and/or because he informed Defendants that he was inquiring about his rights to overtime pay with an attorney.  But for Farmer's involvement in these complaints he would not have been terminated.

17.   Defendants knowingly, willfully, and with reckless disregard carried out their illegal retaliation of Farmer for making complaints of overtime violations under the FLSA, and/or because Farmer informed Turn Key that he was inquiring about his right to make a complaint with an attorney.

## V.   CAUSE OF ACTION

### A. FAILURE TO PAY WAGES AND INTERFERENCE/RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

19.   Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein.

20.   Defendants violated 29 U.S.C. § 215(a)(3) by interfering and unlawfully retaliating against Plaintiff for engaging in activity protected under the FLSA.  Plaintiff engaged in protected activity, and Defendants were aware of this protected activity before taking adverse actions against Plaintiff.  But for Plaintiff asserting his rights under the FLSA, (and/or advising that he would assert his rights with the proper federal agency), Defendants would not have terminated Plaintiff.

These retaliatory acts violate the FLSA.

## VII.   PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff the costs of this action;

c. For an Order awarding Plaintiff his attorneys' fees and court costs;

d. Judgment against Defendants for Plaintiff's actual and compensatory damages, (including, but not limited to, lost past and future wages);

e. Judgment against Defendants for liquidated damages for the maximum amount allowed by law;

f. An order that Defendants take such other and further actions as may be necessary to redress Defendants' violations, including injunctive relief, (and reinstatement if proper);

g. Pre-judgment and post-judgment interest at the maximum amount allowed by law; and

h. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled, (including reinstatement or front pay), and any other relief requested in this Complaint.

Respectfully submitted by:

_____
**Meagan Whitley**
*Attorney in Charge*
Texas Bar No. 24088629
whitley@l-b-law.com
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**